IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES NEWSOME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:10CV548-WHA |
| | ) | |
| KWANGSUNG AMERICA, CORP., | ) | (wo) |
| | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This cause is before the court on Defendants's Motion in Limine to Exclude Evidence Regarding Alleged Disparate Treatment of Non-Korean Employees by Korean Employees, Other than Alleged Conduct of Moon Wook Kim (Doc. #41), and the Defendant's Motion in Limine to Exclude Plaintiff's Evidence Regarding Comparator Pay and Employment Benefits (Doc. #47).

The Defendant states that during discovery, the Plaintiff raised an allegation that Korean management mistreated employees of non-Korean descent, and the Defendant seeks to exclude evidence to that effect.   The Defendant also seeks to exclude evidence that management officials had differences in pay and other benefits than the Plaintiff.  The Defendant argues that this evidence is not relevant.  The Defendant alternatively argues that even if relevant, the probative value of such evidence is outweighed by danger of unfair prejudice and confusion of the issues, pursuant to *Fed. R. Evid*. 403.

With respect to disparate treatment by managers other than Moon Wook Kim, the Plaintiff argues that the Supreme Court has recently rejected a per se rule excluding evidence of treatment of other employees, citing *Sprint/United Management Co. v. Mendelsohn*, 552 U.S.

379 (2008).

The Plaintiff states that the Defendant does not identify the employees involved or the nature and scope of alleged statements it seeks to exclude.  The Plaintiff, however, similarly does not offer specific evidence which the Plaintiff contends is admissible.

The Supreme Court has advised district courts that the

> question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry.

*Spring/United Management Co.*, 552 U.S. at 388.  Without specific evidence, however, the court cannot conduct this inquiry.   Because the evidence is not clearly admissible, in the face of the Defendants' motion, the court also cannot allow the Plaintiff to refer to this evidence without first taking it up with the court outside the presence of the jury.  The court will, therefore, grant the Motion in Limine to the extent that the Plaintiff is not to refer to this evidence without first taking it up outside the presence of the jury.  If the Plaintiff seeks to have the admissibility of particular evidence of disparate treatment ruled upon prior to opening statement, the Plaintiff will be given time in which to supplement his response to the Motion in Limine and identify the evidence he seeks to admit.

With respect to evidence in the form of benefits and pay of other management officials, the Plaintiff argues that this evidence is relevant as comparator evidence.  The Plaintiff has pointed specifically to evidence that his replacement, John Kim, received better benefits and higher salaries, and that managers Y.H. Kim, S.W. Park, and T.Y. Lee made $65,000, whereas the Plaintiff made $45,000.   The Plaintiff also states that Y.H. Kim and S.W. Park were given a

car to drive and a credit card with which to purchase gas.  Finally, the Plaintiff states that Y.H. Kim was allowed to go to meetings that the Plaintiff was not allowed to attend.

  The difficulty with the evidence the Plaintiff identifies is that he does not have a disparate terms and conditions claim, but rather a termination/non-renewal claim.  Comparison to another employee with regard to terms and conditions of employment, while it may be relevant, poses a risk of juror confusion as to the issues to be determined in the case.  *See, e.g., Fitzpatrick v. City of Montgomery*, No. 2:07cv528, 2008 WL 3075855, at *1  (M.D. Ala. Aug. 5, 2008).

  The more similar the other employees are, the more probative of an intent to discriminate the evidence of disparate treatment is.  Evidence regarding the pay and benefits of the Plaintiff's replacement is relevant, the replacement appearing to be similarly-situated to the Plaintiff in terms of level of management and job duties.  The court concludes, therefore, that evidence of the pay and benefits of John Kim, who replaced the Plaintiff, is not due to be excluded.

  The Defendants have stated that the Plaintiff was third-tier management while other persons pointed to by the Plaintiff were managers with more job responsibilities.

  The court must be satisfied that the comparators referred to are similar in relevant respects so that the probative value of the evidence will not be outweighed by danger of confusion of the issues and waste of time.  *See Fed. R. Evid*. 403.  Therefore, with respect to comparators other than the Plaintiff's replacement, the Plaintiff must first take up that evidence outside of the presence of the jury.

  For the reasons stated it is hereby ORDERED as follows:

 1.  The Defendant's Motion in Limine (Doc. #41) as to disparate treatment conduct by managers other than Moon Wook Kim is GRANTED only to the extent that the Plaintiff is not to refer to such evidence at trial without first taking it up outside the presence of the jury.

      2.  If the Plaintiff seeks a ruling as to the admissibility of particular evidence which is the subject of Doc. #47 before opening statement, the Plaintiff has until **September 12, 2011** to supplement his response to the Motion in Limine and identify the specific instances of disparate treatment, and the management official who committed them.

      3.  The Defendant's Motion in Limine (Doc. #47) is DENIED as to the pay and benefits of comparator John Kim, the Plaintiff's replacement, and is GRANTED to the extent that the Plaintiff is not to refer to the pay and benefits of other comparators without taking it up with the court outside of the presence of the jury.  The Plaintiff is given until **September 12, 2011** to supplement his response in this regard as well.

      Done this 7th day of September, 2011.

                                          /s/ W. Harold Albritton
                                          W. HAROLD ALBRITTON
                                          SENIOR UNITED STATES DISTRICT JUDGE