IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES NEWSOME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:10CV548-WHA |
| | ) | |
| KWANGSUNG AMERICA, CORP., | ) | (wo) |
| | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This cause is before the court on the Plaintiff's Motion in Limine to Preclude Certain Witnesses from Testifying and Motion to Strike and Objection to Defendant's Witness List (Doc. #44).

The Plaintiff moves in limine to exclude certain witnesses, and objects to those witnesses on the witness list, which was timely filed on August 19, 2011.  Those witnesses are Billy Baker, Valerie Fooks, Tim Piggot, Freddie Brooks, and Banita Roberts.  The Plaintiff states that these witnesses were never identified previously by Defendant and were not identified in the initial disclosures, except that affidavits of Brooks and Roberts were attached to the Defendant's Motion for Summary Judgment brief filed on June 3, 2011.

The Defendant has responded that its initial disclosures were made on November 8, 2010, and that on May 25, 2011, it disclosed additional witnesses who had information regarding the Plaintiff's job performance.  The Defendant has attached to its response a copy of the May 25, 2011 letter to Plaintiff's counsel which includes all five of these names.  The discovery deadline in the case was June 15, 2011, and the deadline set in the Uniform Scheduling Order for

disclosure of witnesses was August 19, 2011.  *See* Section 9, Doc. #15.   The court concludes, therefore, that the Defendant adequately supplemented its initial disclosures with these witnesses.

> The Uniform Scheduling Order entered in this case provided in part as follows:
>
> SECTION 7. All discovery shall be completed on or before June 15, 2011, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses.

Doc. #15.  The Plaintiff was aware of these witnesses before the discovery cut off, but did not move for an extension of time to conduct a deposition.   Neither has the Plaintiff moved to extend the deadline after the August 19 disclosure.  Therefore, the Plaintiff's objection is not well taken.

It is hereby

ORDERED Plaintiff's Motion in Limine to Preclude Certain Witnesses from Testifying and Motion to Strike (Doc. #44) are DENIED and the Objection to Defendant's Witness List (Doc. #44) is OVERRULED.

Done this 8th day of September, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE