IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES NEWSOME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:10CV548-WHA |
| | ) | |
| KWANGSUNG AMERICA, CORP., | ) | (wo) |
| | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This cause is before the court on the Defendant's Motion in Limine to Exclude Testimony/Evidence Regarding Plaintiff's Purported Four Year Oral Employment Agreement (Doc. #45), and Defendant's Motion in Limine to Exclude Damages Evidence (Doc. #46).

The Defendant moves to exclude evidence regarding back pay for any period of time beyond July 2, 2009, the date that the Plaintiff's one-year employment agreement terminated. The Defendant maintains that because the Plaintiff's contract of employment was only for one year, even though the contract was a renewal of a one-year contract, the Plaintiff had no reasonable expectation of employment beyond one year.   The Defendant further states that evidence regarding an alleged oral agreement of employment for a four-year period is due to be excluded because it is irrelevant, and even if relevant, its danger of unfair prejudice outweighs its probative value.

The Plaintiff responds that there is evidence to support a finding that he had an expectation of more than one year of employment, so that he may seek full back pay, and that evidence regarding a promise of at least four years of employment is relevant to that inquiry.  The

Plaintiff states that he should be allowed to testify to his full back pay amount and present full back pay information establishing damages to the time of trial.

The law regarding back pay awards in the context of a defined employment term was set out by the Eleventh Circuit in *Walker v. Ford Motor Co.*, 684 F.2d 1355, 1362 (11th Cir. 1982). The court explained that a plaintiff must initially introduce some evidence showing that the economic injury resulting from the discharge extended beyond the employment term. *Id.* "[T]his proof may consist of no more than a showing that the particular plaintiff's contract had been renewed in the past, that contracts of similarly situated employees had been renewed, *or* that the employer had made a promise of continued employment." *Id.* (emphasis added).

The evidence pointed to by the Plaintiff of the renewal of his one-year contract, and an oral promise of multiple years of employment, is relevant evidence necessary to meet the Plaintiff's burden under *Walker*. While the Defendant takes the position that there is no evidence in this case that it had renewed contracts of other similarly-situated employees, that evidence is not required. *See Walker*, 684 F.2d at 1362 (stating examples of proof of continued economic injury in the disjunctive). Without a stipulation that the Plaintiff's contract was renewed, so as to satisfy *Walker* without necessity of evidence, evidence of the promise of employment is relevant, and not due to be excluded.

The court agrees with the Defendant that evidence of a promised term of employment beyond a year should not be considered by the jury as establishing an agreement, because such agreement would be unenforceable. If the Defendant requests one, the court will give a limiting instruction to the jury to consider the evidence of an oral promise for employment only for the purpose of establishing a continuing economic injury, and not for the purpose of establishing an oral contract.

If the Plaintiff prevails on his claim and prevails under the *Walker* analysis, he would be entitled to claim back pay.  Evidence which the Plaintiff will need to establish the amount of back pay, therefore, is relevant, and not due to be excluded.

Accordingly, it is hereby ORDERED that the Defendant's Motion in Limine to Exclude Testimony/Evidence Regarding Plaintiff's Purported Four Year Oral Employment Agreement (Doc. #45), and Defendant's Motion in Limine to Exclude Damages Evidence (Doc. #46) are DENIED.

Done this 8th day of September, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE