IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES NEWSOME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:10CV548-WHA |
| | ) | |
| KWANGSUNG AMERICA, CORP., | ) | (wo) |
| | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This cause is before the court on a Motion for Award of Attorney's Fees filed by Defendant Kwangsung America, Corp. (Doc. #77).

While not setting forth the full procedural history of the case, the court notes that the Plaintiff, Charles Newsome ("Newsome"), presented direct evidence of discrimination on the basis of race, national origin, and age, at the summary judgment stage of this case.  Summary judgment was, therefore, denied as to those claims, and as to a breach of contract claim for nominal damages.   Summary judgment was granted as to a retaliation claim and a breach of an oral contract claim.   Newsome subsequently dropped the breach of contract claim for nominal damages.  Kwangsung America, Corp. made an offer of judgment which was not accepted by Newsome.   At trial, three witnesses, including Newsome, testified consistent with the direct evidence of discrimination presented at the summary judgment stage.  Judgment as a matter of law was granted at trial as to the race claim.  At the conclusion of the trial of this case, the jury returned a verdict in favor of Kwangsung America, Corp. on the remaining claims.

"A district court may award attorney's fees to the prevailing Title VII defendant when it

determines that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith,' a standard the Supreme Court has described as 'stringent.'" *Bonner v. Mobile Energy Services Co., L.L.C.* 246 F.3d 1303, 1304 (11th Cir. 2001). In deciding whether an action is so lacking in merit as to justify awarding attorney's fees to the prevailing defendant, the trial court is to consider whether (1) the plaintiff established a prima facie case; (2) the defendant offered to settle; and (3) the trial court dismissed the case prior to trial. *Id.* "Care must be taken to remain sensitive to the policy considerations militating against imposing fees on unsuccessful plaintiffs in discrimination claims which might 'discourage all but the most airtight claims' and 'undercut the efforts of Congress to promote the vigorous enforcement provisions of Title VII.'" *Id.* at 1305 (citation omitted).

A district court may award attorney's fees to a prevailing ADEA defendant only upon a finding that the plaintiff litigated in bad faith. *Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428, 1437 (11th Cir. 1998).

Newsome presented evidence at the trial of this case which, if believed by the jury, was direct evidence of intent to discriminate against Newsome. Therefore, considering all of the relevant factors, the court cannot conclude that the case was frivolous, unreasonable, or without foundation, or brought in bad faith. Accordingly,

it is hereby ORDERED that the Motion for an Award of Attorney's Fees (Doc. #77) is DENIED.

Done this 22nd day of November, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE